UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

    v.                                         Docket No.: 5:16-CR-60-2

LOUIS TOBIN

## MOTION FOR DOWNWARD DEPARTURE
## PURSUANT TO USSG 4A1.3

**NOW COMES** Louis Tobin by and through his Attorneys, Elliott, Jasper, Auten, Shklar & Ranson, LLP and hereby respectfully states as follows:

1) That §4 A1.3(1) of the Sentencing Guidelines provides that a downward departure is authorized if "reliable information" indicates that the "defendant's criminal history category over-represents the seriousness of the defendant's criminal history".

2) Mr. Tobin's history, prior to his current charges appears to be best characterized as consisting of a series of offenses of varying significance, virtually all of which are related to his substance abuse issues and which occur in close proximity in time to one another.

3) That Defendant's criminal history category is overstated due to some of his behavior occurring in close proximity. Thus, in March, 2007 he amassed 6 "points", in January 2014 he accumulated another 3. Furthermore, 3 points were assessed for an offense committed at age 16 (a car theft or joyriding episode) which was treated

as an adult matter. As a result of these matters alone it is suggested that at least 9 points were assessed (properly) but in a manner which seems to be excessive and therefore overstate the severity of Mr. Tobin's record.

  4) That Defendant's record is typical for an offender with a significant substance abuse history. His offenses do not seem to demonstrate a history of violent, dangerous, or depraved conduct.

  5) That the sentencing table inherently recognizes that sanctions for criminal conduct should increase based on prior record. However, their very structure presupposes that this increase has occurred on an ongoing and graduated basis. In that regard they are internally consistent for Federal offenses, but do not really address the fact that State Court offenses are handled differently. This results in an assessment of points which magnify "criminal history". Thus, treating someone with Mr. Tobin, who is undoubtedly a mid-level offender as the most serious sort of criminal is excessive.

  6) That Defendant respectfully submits, based on the foregoing, that the correct guideline category given the nature of his record should be Criminal History Category IV

  7) That the Government has been apprised of this motion. It is not known whether or not it will object thereto.

  9) That a separate memorandum of law is not required as the Motion fully explains the legal basis for the relief sought.

  **WHEREFORE,** Defendant respectfully prays this Honorable Court:

  A) Depart downward on Defendant's criminal history category to Category IV, and impose a sentence pursuant to the paries agreement entered into under the provisions

of  F.R.Cr.P. 11(c)(1)(c), as well as the factors set forth 18 USC §3553 after considering any additional request for a variance, which will be filed in a separate sentencing memorandum.

  B)  Grant such additional relief as may be deemed to be fair and just.

            Respectfully submitted,
            **Louis Tobin**
            By his Attorneys,
            **Elliott, Jasper, Auten & Shklar, LLP**

Dated:  April 4, 2017    /s/ Michael C. Shklar, Esquire
            35 Main Street
            Newport, New Hampshire 03773
            603-863-4105

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Downward Departure Pursuant to USSG 4 A1.3 was this 4 day of April, 2017 electronically served on the Assistant U.S. Attorney Joseph Perella, Esquire.

            /s/ Michael C. Shklar